Judge Grimke
delivered the opinion of the court:
It is supposed that the first count is defective, because it avers a presentation of the bill for payment on the 18th of February, the second day after the bill became due. The averment is, “ that afterward, when the bill became due, to wit, on February 18, 1837, the said bill was duly presented.” Ohitty, in his treatise on Bills, 494, n. A, says, the day is material, unless there be an express averment that the bill was presented when it became due, in which case, a mistake in the day after a videlieit would not be material, and this though the day stated be a Sunday. He adds, the better way is, therefore, to state the time of presentment generally. Doug. 679. The quotation refers to a precedent of.a declaration* as the precise form of this. The first and second counts are, therefore, good according to the authorities.
The third count is also good. A motion was made to strike out of that count the account stated clause, because the indorsement on the writ did not state that cause of action. It would be carrying the nicety of the law too far, but even admitting it correct, the bills of exchange were admissible in evidence under the clause-for money had and received. The judgment- is affirmed.
*Peabody v. Fisher.
Grimke, J.:
This is another ease between the same. The- declaration is upon a bill of Peabody for $375, dated January 30, 1837, at five *546 months; and avers its presentation on the 3d of Juljq when the bill became due. It was presented in proper time, inasmuch as bills .of exchange are commercial paper. But if they were not, the declaration is good for the same reasons given as to the two first counts in the last case. Judgment affirmed.